**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Cause No. 4:20-CR-00167-HEA |
| ) | |
| DAVID MAAS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MOTION TO DISMISS INDICTMENT DUE TO SELECTIVE PROSECUTION OF THE DEFENDANT**

Comes now Defendant David Maas, by and through his undersigned Counsel, and hereby moves this Honorable Court for an order dismissing Count I of the Indictment for the foregoing reasons:

1. Defendant has been charged with one count of depravation of the right to be free from unreasonable seizure, including the right to be free from unreasonable force under 18 U.S.C. §242.

2. This incident arises out of a police chase that occurred on April 14, 2019, near the City of Woodson Terrace, a municipality in St. Louis County, Missouri.

3. At all dates relevant to the incident, Defendant was a police officer with the Woodson Terrace Police Department, a law enforcement agency in the Eastern District of Missouri. (Indictment, Paragraph 1, 4).

4. At the end of a police chase when the victim fled the police, it is alleged that Defendant "kicked and struck I.F. while he was compliant and not posing a physical threat to anyone… result[ing] in bodily injury to I.F. and included the use of a dangerous weapon, to wit: shod feet." (Indictment, Count I).

1

5. Upon information and belief, a second Woodson Terrace Police Officer, Officer was also involved in the alleged police chase.

6. Upon information and belief, this second officer also kicked and struck I.F. while he was compliant and not posing a physical threat to anyone.

7. Upon information and belief, this other police officer was not charged with the same crime as Defendant David Maas, despite committing the exact same charged act.

8. Upon information and belief, in fact, this police officer specifically received a deal from the U.S. Attorney's Office in the Eastern District of Missouri in which he was to resign his position as a police officer, forfeit his POST License and he would remain uncharged.

9. A claim of selective prosecution alleges that the government has charged the Defendant for reasons that violate a fundamental right to equal treatment under the law. *United States v. Armstrong*, 517 U.S. 456, 464 (1996). A selective prosecution claim falls under the Equal Protection Clause of the Fourteenth Amendment, which forbids prosecutors from targeting an individual based upon an unjustifiable standard, such as race, religion, or other arbitrary classification. *Oyler v. Boles*, 368 U.S. 448, 456 (1962).

10. Here it is clear that the government has acted with a discriminatory purpose in charging one police officer with this crime while not charging another.

11. Upon information and belief, the United States charged Defendant David Maas due to his race, a protected class.

12. Due to the government's clear selective prosecution in this matter, the only remedy would be a dismissal of the Indictment.

Wherefore, Defendant David Maas moves this Court to dismiss Count I of the Indictment, and for such other and further relief that this Court may deem just.

## MOTION TO DISMISS INDICTMENT DUE TO BRADY VIOLATIONS BY THE GOVERNMENT

13. Paragraphs 1 through 12 are incorporated herein by reference.

14. The information relied upon by Defendant in Paragraph 5 of this motion wherein it is alleged that a second police officer, who was also participating in the alleged incident, acted in a manner substantially similar to Defendant David Maas and yet was uncharged, was not disclosed to Defendant.

15. This evidence that is favorable to the accused was suppressed by the government, and the evidence is material to this matter, which would result in prejudice should this indictment be allowed to proceed.

Wherefore, Defendant David Maas moves this Court to dismiss Count I of the Indictment for *Brady* Violations by the government and for such other and further relief that this Court may deem just.

## MOTION TO DISMISS FOR SUPPRESSION OF FAVORABLE EVIDENCE

16. Paragraphs 1 through 15 are incorporated herein by reference.

17. Upon information and belief, there is evidence of a lack of injury to Victim I.F. Specifically, there are recorded telephone conversations between I.F. and a person purported to be I.F.'s mother, recorded while I.F. was in jail on the underlying offense in this matter. During this conversation, I.F. is asked by the female if he is injured, to which he responds he is not injured. The female then tells him he better act injured.

18.	This is a *Brady* violation as set forth by the Supreme Court in that the evidence is favorable to the accused, it was suppressed by the government, and was certainly material to the point where prejudice has occurred by failing to disclose this information.

Wherefore, Defendant David Maas moves this Court to Dismiss Count I of the Indictment due to the suppression of favorable evidence and for such other and further relief that this Court may deem just.

                                                            BRUNTRAGER & BILLINGS, P.C.

                                                            /s/ Neil J. Bruntrager
                                                            Neil J. Bruntrager #29688
                                                            225 S. Meramec Ave., Suite 1200
                                                            St. Louis, Missouri  63105
                                                            314- 646-0066
                                                            Fax 314-646-0065
                                                            Email: njbatty@aol.com

                                                            Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of July, 2020, the foregoing **Motions to Dismiss Indictment** was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

                                                              /s/ Neil J. Bruntrager