UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| ) | |
| vs.                          ) | Cause No: 4:20-CR-00167-HEA |
| ) | |
| DAVID W. MAAS,               ) | |
| ) | |
|    Defendant.             ) | |

**<u>MEMORANDUM IN SUPPORT OF MOTIONS TO DISMISS INDICTMENT</u>**

COMES NOW Defendant, David Maas, by and through undersigned Counsel, and hereby provides for this Honorable Court a Memorandum in Support of his Motions to Dismiss Count I of the Indictment.

**<u>Introduction</u>**

Policing in the United States is under greater scrutiny today than it has ever been. Every contact between a police officer and a member of the public is under review, whether violent or non-violent.  And to be sure, there are certainly instances where a police officer goes beyond the scope of their training to step outside the bounds of legality. In these cases, a police officer should be held accountable for his actions. However, as in all prosecutions, common sense should be applied to that instance. Commonsense, and case law, dictate that each defendant, no matter their race, religion, gender or any other protected class, shall not be subject to a prosecution unlawfully.

On or about April 14, 2019, within the Eastern District of Missouri, specifically, at the intersection of Oak Grove Avenue and Dr. Martin Luther King Jr. Drive, in the County of St. Louis, State of Missouri, while acting under the color of law, Defendant David W. Maas is alleged to have willfully deprived I.F. of the right to be free from unreasonable seizure by kicking and striking I.F. while he was compliant and not posing a physical threat to anyone. This incident

1

evolved from a carjacking in which I.F., (Isaiah Forman) and another suspect were alleged to have taken, at gun point, a Chevrolet Cruz from the Bridgeton area. After securing the vehicle, Forman and his accomplice fled from the police, causing a multi-jurisdiction police chase across North St. Louis County.

At some point during the chase, Office David W. Maas, a police officer employed by the Woodson Terrace Police Department, became involved in the chase. The chase proceeded along St. Charles Rock Road until it became Dr. Martin Luther King Drive. Shortly after that transition, Forman made a turn into a dead-end street. His passenger got out of the vehicle and tried to flee on foot at that time, but Forman remained in the vehicle, turned the vehicle around and attempted to go back onto Dr. Martin Luther King Drive. As he turned back onto Dr. Martin Luther King Drive, he struck another police vehicle, disabling both vehicles and injuring the police officer driving his vehicle. Forman began to exit the car and raised his hands as multiple police officers ran towards him. Officer Maas was the closest officer to Forman at that time. As Maas raced towards Forman, Forman fell to the ground, causing Maas to awkwardly step over Forman. Maas then allegedly kicked and/or struck Forman with his shoe, the underlying action for the charges alleged in this matter. Moments later, another officer raced over to where Forman was lying on the ground and began kicking Forman in the upper torso and head before being forcibly pushed away by a third police officer. It should be noted that Maas and the second officer are both white police officers; while Forman is African American. Forman was arrested and conveyed to the jail where he was asked if he needed to receive any type of medical care. He was treated and released back to the care of the St. Ann Police Department, citing no injuries from the chase and resulting detention.

Forman was later charged in St. Louis County with several charges, including assault 2nd degree, a Class B felony. While in jail on these charges, Mr. Forman participated in several recorded conversations with his mother. During these conversations, his mother asked if he was injured. In response, Forman's mother told him that he needed to act as if he was hurt.

Mr. Forman pled guilty to one count of Assault 2nd degree on a special victim and received 7 years in the Missouri Department of Corrections in cause number 19SL-CR02245-01. He is currently in the Missouri Department of Corrections.

Mr. Forman went on to file a lawsuit under 42 USC §1983 accusing Officer Maas of excessive force during his arrest. In his Amended Complaint, Forman stated that he suffered from emotional distress, past medical bills for treatment and will require future medical expenses for a traumatic brain injury, though no such records have been disclosed by the Government to Defendant Maas at this point in time.

Defendant Maas was then arrested by police and charged in this matter. No other officers involved in this incident have been arrested or charged. In fact, the second police officer involved in the detention of Mr. Forman, who also allegedly kicked and struck Mr. Forman, was not charged and will not be charged. Instead, he was approached by prosecutors and was offered a deal wherein he would resign from the police department and relinquish his POST certification and would then be spared from prosecution. The actions of this second officer are easily observable from multiple angles of video that have been disclosed to Defendant Maas not by the U.S. Attorney's Office, but rather from another source. In fact, in these videos, Maas is seen to approach Forman immediately after Forman had gotten out of the car. As Defendant Maas races to Forman to detain him, Forman falls to the ground, causing Officer Maas to have to awkwardly step or jump over Forman. Maas then comes back and appears to kick Forman, though where contact was made or how hard the

3

contact to Forman's body was is indeterminable from the videos. Another officer reached the scene at that time and immediately intervenes, preventing any further contact between Maas and Forman. However, a third officer is seen on the video racing to the scene and kicking Forman multiple times in the head and upper torso. Again, this officer has gone uncharged in this matter to this date.

The U.S. Attorney's Office also failed to disclose the recordings of Forman and his mother while Forman sat in St. Louis County jail. In these recordings, Forman discusses with his mother, in detail, his lack of injuries, who tells him that he had better act hurt. None of this information, including these recordings, were disclosed to Defendant Maas by the U.S. Attorney's Office. The Government withheld exculpatory evidence.

The decision by the Government to prosecute only Defendant Maas and not the second police officer involved in this matter is clearly indicative of selective prosecution. The U.S. Attorney's Office is merely looking to make an example of a police officer, especially one who looks like Officer Maas, a strongly built, white male. The same impression would not be created by prosecuting the second lanky, while male police officer who is seen inflicting probably more damage than what Officer Maas is alleged to have caused. Furthermore, the failure to disclose that there was a second officer in this matter who is seen on video kicking Forman is clearly a *Brady* violation and further evidence that the U.S. Government is participating in selective prosecution in this matter.

1. **<u>The Government has Engaged in Selective Prosecution of Police Officer David W. Maas</u>**

The Government has engaged in selective prosecution of Defendant David W. Maas by arbitrarily choosing to prosecute Defendant Maas, a white male, while also choosing not to prosecute another police officer who acted in substantially the same manner as Defendant Maas is alleged to have acted. A claim of selective prosecution is based upon the premise, rooted in the

4

concept of equal protection, that a decision to prosecute may not be based on an unjustifiable standard such as race, religion, or other arbitrary classification. *U.S. v. Armstrong*, 517 U.S. 456, 464 (1996). Here, it is clear that the Government wishes to make a statement by prosecuting Maas, a burly, formidable police officer with a shaved head, instead of pursuing a young, lanky police officer with glasses. Both officers have clearly engaged in similar conduct, as recorded on video; the only difference is their appearance. The Government is looking to make an example of Defendant Maas.

Furthermore, it would be a violation of the Fourteenth Amendment Due Process Clause for the Government to present Defendant Maas as having violated federal law and yet absolve the second police officer from any wrongdoing for substantially the same behavior. "The Due Process Clause prohibits the Government from presenting mutually inconsistent theories of the same case against different defendants." *Smith v. Groose*, 205 F.3d1045,1052 (8th Circuit 2000). Here, when the video of the incident is played in full, the Government would have to explain why Defendant Maas, who is the first to arrive on the scene and delivers one alleged kick, should be prosecuted while the second officer, who is the third to arrive on the scene and delivers more kicks than could ever be attributed to Defendant Maas, was somehow let off the hook by the Government. Again, the only difference here is in the appearance of the Defendant and the other officer.

2. **The Government Created a *Brady* Violation by Failing to Disclose to Defendant that another Police Officer was Given a Deal in Lieu of Prosecution**

The Government has created a *Brady* violation in this case in that it failed to disclose to Defendant Maas that a deal had been struck between another potential defendant in this incident. During the incident in question, another unnamed police officer from an another jurisdiction is seen on the same video as Defendant Maas at the end of the chase. In fact, a few seconds after Defendant Maas had been moved away from the purported victim, this other assailant enters into

5

the screen and strikes the victim multiple times with his foot before being pulled off the purported victim by several other officers, including Defendant Maas. However, when a charging decision was made by the Government regarding this other police officer, a deal was extended to this police officer, which that potential defendant took. None of this information was disclosed to Defendant Maas.

The failure to disclose this information to Defendant Maas constitutes a *Brady* violation by the Government. The Supreme Court has established three essential components of a *Brady* prosecutorial misconduct claim: 1) the evidence must be favorable to the accused, either because it is exculpatory or because it is impeaching; 2) that evidence must have been suppressed by the state, either willfully or inadvertently; and 3) prejudice must have ensued. *Strickler v. Greene* 527 U.S. 263, 281-82 (1999). Here, under the first point, this evidence is clearly favorable to the accused as it is potentially exculpatory. If not deemed exculpatory, it is in the very least impeaching, as it demonstrates the Government's selective prosecution claim. Also, under the second component, the Government has clearly suppressed this information willfully. This is a deal that was established by the Government with this other police officer; naturally, they must have been aware of this deal. And finally, under the third component, prejudice must have ensued. For prejudice to exist, the suppressed, favorable evidence, must be "material." *Brady v. Maryland* 373 U.S. 83, 87 (1963). As this information demonstrates that the Government is participating in selective prosecution, this could have a great effect on the outcome of this matter should it proceed to trial, and therefore makes this information material.

### 3. The Government has Willfully Suppressed Favorable Evidence that the "Victim" in this Matter was not Injured as Stated in the Indictment

The Government has further engaged in the suppression of favorable evidence for Defendant Maas in that it has failed to disclose a key piece of evidence to Defendant Maas in the

6

form of recorded conversations of Isaiah Forman. As stated above, Defendant Maas was able to obtain recordings between Forman and his mother that were obtained and maintained by the State of Missouri in the prosecution of Forman. These tapes are now in the possession of Defendant Maas and no indication has been made that the Government was ever going to disclose the existence of these tapes to Defendant Maas. *Strickler v. Greene* 527 U.S. 263, 281-82 (1999). Here, again, this evidence is favorable to the accused because it is exculpatory. The indictment in this matter alleges that Defendant Maas injured Forman during his strike. However, these recorded conversations directly refute that fact. Furthermore, this evidence has been suppressed by the Government. It is no great secret that telephone conversations by inmates in area jails are all recorded and available for access. However, none of this information was preserved or attempted to be preserved by the Government in this matter. Luckily, Forman was prosecuted at the state level for his crimes and the state prosecutor seized and preserved this evidence. And finally, the evidence is obviously material, as required by *Brady*. This is evidence that could directly affect the outcome of this case should it go to trial.

### 4. Conclusion

The Government has clearly engaged in misconduct in multiple ways through the pendency of this case. They have made no attempt to rectify their actions, nor explain their failure to disclose exculpatory or impeachable information. Likely, this is due to the fact that they are engaged in selective prosecution in this case and are trying to make an example of this prosecution by prosecuting somebody that looks like Defendant Maas. However, these actions fly in the face of everything that the criminal justice system stands for. And should not be allowed to stand by this Court.

7

WHEREFORE, Defendant Maas asks that the indictments in this matter be dismissed under point 1, for the Government engaging in selective prosecution of Defendant Maas; or in the alternative, under point 2, that the Government Created a *Brady* Violation by Failing to Disclose to Defendant that another Police Officer was Given a Deal in Lieu of Prosecution; or in the alternative under point 3, that the Government has willfully suppressed favorable evidence that the "victim" in this matter was not injured as stated in the indictment, and therefore the indictment should be dismissed, and for any other and further relief that this Court deems just and proper in the matter.

BRUNTRAGER & BILLINGS, P.C.

/s/ Neil J. Bruntrager
Neil J. Bruntrager #29688
225 S. Meramec Ave., Suite 1200
St. Louis, Missouri  63105
314- 646-0066
Fax 314-646-0065
Email: njbatty@aol.com

Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of July, 2020, the foregoing **Memorandum in Support of Motions to Dismiss** was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

/s/ Neil J. Bruntrager