UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | No. 4:20 CR 167 HEA /DDN |
| ) | |
| v.   ) | |
| ) | |
| DAVID W. MAAS,   ) | |
| ) | |
| Defendant.   ) | |

## **REPORT AND RECOMMENDATION**

Before the Court is the motion of defendant David W. Maas to dismiss the indictment because (a) he is being subjected to selective prosecution; (b) the government violated the rule of *Brady v. Maryland*; and (c) the government suppressed favorable evidence from him. (Doc. 24.) A hearing was held on the motion of September 22, 2020.

The indictment alleges that defendant Maas, while employed as an officer of the Woodson Terrace Police Department, within this judicial district, on April 14, 2019,

> while acting under color of law, willfully deprived I.F. of the right to be free from unreasonable seizure, a right secured and protected by the Constitution and laws of the United States, which includes the right to be free from unreasonable force. In so doing, the defendant kicked and struck I.F. while he was compliant and not posing a physical threat to anyone. This offense resulted in bodily injury to I.F. and included the use of a dangerous weapon, to wit: shod feet.
> In violation of Title 18 United States Code, Section 242.

(Doc. 1.) Title 18, United States Code, Section 242 provides:

> Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United

> States [shall be punished]; and if bodily injury results from the acts committed in violation of this section or if such acts include the use . . . of a dangerous weapon [the person shall be punished.]

*See* 18 U.S.C. § 242.

In his motion to dismiss the indictment, in his supporting memorandum, and through the statements of counsel in the hearing, defendant argues his motion to dismiss is founded upon the following facts. The federal charge arose from an incident in which I.F. and another person carjacked an auto at gunpoint. They fled and a multi-jurisdictional police chase in north St. Louis County ensued. Defendant Maas, as a police officer on duty, became involved in the chase. At the end of the chase, I.F., now alone in the stolen auto, struck a police vehicle, injuring the officer-driver and disabling both vehicles. I.F. got out of the stolen car and raised his hands as officers converged on him. Maas was the first officer to reach him. As Maas raced to I.F., I.F. fell to the ground, causing Maas to awkwardly step over him. However, Maas is alleged to have further struck I.F. with his shoe. Moments later, a second officer reached I.F. and began to kick I.F. in the torso and head before being forcibly pushed away by a third officer. Maas and the second officer are white and I.F. is African American.

Defendant states that I.F. was later charged with several offenses, including second degree assault and was confined in jail. In recorded conversations with his mother, his mother asked I.F. whether he was injured and she stated he needed to act as if he was hurt. Ultimately, I.F. pled guilty to one count of second degree assault on a special victim and was sentenced to 7 years in the Missouri Department of Corrections, where he is currently confined. I.F. has filed a judicial action for damages against Maas under 42 U.S.C. § 1983. For the purposes of deciding the motion to dismiss, there is no dispute about the relevant facts.

The United States Attorney commenced this prosecution against defendant Maas, but has not prosecuted the second officer. At the hearing, it was undisputed that the

2

government has made no agreement with either I.F. or the second officer. However, the second officer was not charged.

Defendant states that his actions and those of the second officer were video recorded, which was disclosed to defendant by a source other than the United States Attorney's Office. Defendant also states that the federal government did not disclose to him the St. Louis County Jail recordings of the conversations between I. F. and his mother.

### *Selective prosecution claim*

Defendant Maas argues the federal indictment against him should be dismissed, because his prosecution violates his right to equal treatment under the law. He argues he is being selectively prosecuted because he is white and "strongly built," while the second officer, who is also white, is a "lanky" person who wears eyeglasses, and who from the video recording of the incident inflicted "probably more damage [on I.F.] than what Officer Maas is alleged to have caused." (Doc. 25 at 4.) Defendant argues that, other than these facts, no rational distinction between why he is being prosecuted and why the second officer is not being prosecuted appears and that it is a violation of his constitutional rights for him to be prosecuted when the second officer is not. The undersigned disagrees.

The Supreme Court in *United States v. Armstrong*, 517 U.S. 456 (1996), discussed the selective-prosecution claim at length thus:

> A selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution. Our cases delineating the necessary elements to prove a claim of selective prosecution have taken great pains to explain that the standard is a demanding one. These cases afford a background presumption that the showing necessary to obtain discovery should itself be a significant barrier to the litigation of insubstantial claims.
>
> A selective-prosecution claim asks a court to exercise judicial power over a special province of the Executive. The Attorney General and United States Attorneys retain broad discretion to enforce the Nation's criminal

> laws. They have this latitude because they are designated by statute as the President's delegates to help him discharge his constitutional responsibility to "take Care that the Laws be faithfully executed." U.S. Const. Art. II, § 3; see 28 U.S.C. §§ 516, 547. As a result, the presumption of regularity supports their prosecutorial decisions and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties. In the ordinary case, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion.

517 U.S. at 463-64 (internal quotation marks and citations omitted) (cleaned up). In defendant Maas's case, there is no argument that the government lacks probable cause to believe defendant committed the charged offense.

The Court in *Armstrong* continued:

> Of course, a prosecutor's discretion is subject to constitutional constraints. One of these constraints, imposed by the equal protections component of the Due Process Clause of the Fifth Amendment, is that the decision whether to prosecute may not be based on an unjustifiable standard such as race, religion, *or other arbitrary classification.*[1] A defendant may demonstrate that the administration of a criminal law is directed so exclusively against a particular class of persons . . . with a mind so unequal and oppressive that the system of prosecution amounts to a practical denial of equal protection of the law.

*Id.* at 464-65 (italics added). Defendant Maas admits he knows of no difference between him and the second officer that accounts for why he was charged and the other officer was not, aside from their physical make-up, described above. (Doc. 25 at 4.)

The Court in *Armstrong* continued:

> In order to dispel the presumption that a prosecutor has not violated equal protection, a criminal defendant must present clear evidence to the

---

[1] Defendant Maas specifically referenced this phrase in his arguments during the hearing and in his memorandum supporting his motion to dismiss the indictment. (Doc. 25 at 5.)

>contrary. . . .  Judicial deference to the decisions of these executive officers rests in part on an assessment of the relative competence of prosecutors and courts.  Such factors as the strength of the case, the prosecution's general deterrence value, the Government's enforcement priorities, and the case's relationship to the Government's overall enforcement plan are not readily susceptible to the kind of analysis the courts are competent to undertake.  It also stems from a concern not to unnecessarily impair the performance of a core executive constitutional function. . . .
>
>The requirements for a selective-prosecution claim draw on ordinary equal protection standards.  The claimant must demonstrate that the federal prosecutorial policy had a discriminatory effect and that it was motivated by a discriminatory purpose.  To establish a discriminatory effect in a race case, the claimant must show that similarly situated individuals of a different race were not prosecuted.

517 U.S. at 465. [2]  Ultimately, as he argued during the hearing on this matter, he does not know why he is being prosecuted, when the second officer, who may have injured the victim more than he is alleged to have, is not being prosecuted.  As the Supreme Court said in *Armstrong*, without a strong case for an unconstitutionally disparate treatment by the government of him and the second officer, the Court will defer to the presumption that the government has not violated defendant's equal protection rights.  *Id.*

It is clear to the Court that the government had a reason to prosecute defendant and not the second officer.  However, "the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation."  *Oyler v. Boles*, 368 U.S. 448, 456 (1962) (ruling that a denial of equal protection is not made when it has not been shown "that the selection was deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification.").  It is not enough that the reason for the alleged disparity is unknown for defendant to make out a case for relief.  *United States v.*

---

[2] While defendant originally mentioned the racial difference between him and the alleged victim as a potential reason he was prosecuted (Doc. 24 at 2), he never proffered any evidence of such and has abandoned that as a motive for him being prosecuted and the second officer not.

5

*Moore*, 543 F.3d 891, 899-900 (7th Cir. 2008) (ruling "an exercise of prosecutorial discretion cannot be successfully challenged merely on the ground that it is irrational or arbitrary; in the realm of prosecutorial charging decisions, only invidious discrimination is forbidden.").

Defendant is entitled to no relief by his argument of selective prosecution.

### *Brady v. Maryland claim*

Defendant originally argued that the government did not disclose to him information he argues is favorable to him but was suppressed by the government, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); *see also United States v. Bagley*, 473 U.S. 667, 682 (1985). During the hearing on the motion to suppress, defendant agreed with the government that the government has disclosed to the defense the information that prompted the claim that *Brady v. Maryland* was violated. Therefore, this argument was withdrawn by defendant.

### *Suppression of favorable evidence*

Defendant argues that the government suppressed from him evidence that the alleged victim was not injured in the indicted incident. Specifically, defendant states:

> Specifically, there are recorded telephone conversations between I.F. and a person purported to be I.F.'s mother, recorded while I.F. was in jail on the underlying offense in this matter. During this conversation, I.F. is asked by the female if he is injured, to which he responds he is not injured. The female then tells him he better act injured.

(Doc. 24 at 3.) During the hearing, defense counsel agreed that the government has produced to him the jail recordings of these conversations and that this argument for dismissal of the indictment is moot.

For these reasons,

**IT IS HEREBY RECOMMENDED** that the motion of defendant to dismiss the indictment (Doc. 24) **be denied.**

The parties are advised they have until January 5, 2021, to file documentary objections to this Report and Recommendation. Failure to file a timely documentary objection may waive the right to appeal issues of fact.

                                                **/s/ David D. Noce**
                                       **UNITED STATES MAGISTRATE JUDGE**

Signed on December 15, 2020.