IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 4:20CR000167 HEA |
| v. ) | |
| ) | |
| DAVID MAAS, ) | |
| ) | |
| Defendant. ) | |

**<u>GOVERNMENT'S FIRST MOTIONS IN LIMINE</u>**

COMES NOW the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Christine Krug and Hal Goldsmith, Assistant United States Attorneys for said District, and files its First Motions in Limine to exclude evidence, argument or examination concerning the following:

1. <u>Defendants' Out-of-Court Exculpatory Statements</u>

The United States moves the Court to exclude evidence, argument or examination related to defendant's out-of-court exculpatory statements. Out-of-court statements of a defendant offered to prove the truth of the matter asserted are hearsay. <u>United States v. Esparza</u>, 291 F.3d 1052, 1054 (8th Cir. 2002) (Exculpatory statement of defendant properly excluded as hearsay.).

2. <u>Prior Acts by Witnesses</u>

The United States moves the Court to exclude evidence, argument or examination related to certain prior acts of witnesses.  Such matters should be excluded under Federal Rules of Evidence 403, 404(b) and 608(b).  Rule 404(b) states that "Evidence of any other crime, wrong,

1

or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."

Federal Rule of Evidence 608(b) states that "Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of …the witness." "The purpose of the rule is 'to avoid holding mini-trials on peripherally related or irrelevant matters.'" King v. Ahrens, 16 F.3d 265, 269 (8th Cir.1994) (quoting United States v. Martz, 964 F.2d 787, 789 (8th Cir.), cert. denied, 506 U.S. 1038, 113 S.Ct. 823, 121 L.Ed.2d 694 (1992)).

"The Rule 403 balancing of probative value versus prejudicial effect is an integral step toward a determination of admissibility under ... Rule 608(b)." Id.  Federal Rule of Evidence 403 excludes the admission of these incidents because any probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues.

    3.    <u>Motion to Exclude Witnesses other than the Case Agent</u>

The United States requests that any witnesses for the defense be excluded from the courtroom during opening statements and while other witnesses are testifying.

    4.    <u>Motion to Exclude Medical and Mental Health History of the Victim</u>

The United States moves the Court to exclude evidence, argument or examination related the victim I.F.'s medical history (prior to April 14, 2019), his mental health history without a showing of relevance to this case, and any prior drug use without a showing of relevance to this case and whether it affected victim I.F.'s ability to perceive, comprehend, or recall information pertaining to the case. Federal Rule of Evidence 403 excludes the admission of these incidents

because any probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues. Mental illness "is relevant only when it may reasonably cast doubt on the ability or willingness of a witness to tell the truth…some indication is needed that a particular witness's medical history throws some doubt on the witness's competence or credibility." United States v. George, 532 F.3d 933, 936 (D.C.Cir.2008), quoting United States v. Smith, 77 F.3d 511, 516 (D.C.Cir.1996). "A witness's use of drugs is only relevant as to the ability of the witness to perceive the underlying events and testify lucidly at trial." Jarrett v. United States, 822 F.2d 1438, 1445 (7th Cir.1987).

     5.      Charging Decisions of the United States

The United States moves the Court to exclude evidence, argument or examination related to the United States's charging decision as it relates to former officer Christopher "Chase" Wellington. The defendant previously filed a Motion to Dismiss due to Selective Prosecution. The motion was fully litigated and this Court adopted the Report and Recommendation on the issue. It is not, and should not be, an issue for the jury of this case.

     6.      Charging Decisions of the State of Missouri

The United States moves the Court to exclude evidence, argument or examination related to St. Louis County's charging decision as it relates to the arrest of I.F. When I.F. was arrested, he was booked by the St. Ann Police Department for assault 1st degree, armed criminal action, possession of marijuana, and making a false affidavit and by the Breckenridge Hills Police Department for assault 1st degree, leaving the scene of an accident, and tampering first degree. The St. Louis County Prosecuting Attorney charged him with Assault 2nd degree of a Special Victim. The United States was not a participant in that charging decision or any subsequent litigation of that case. As such, it would be an irrelevant subject in the trial of this

3

case and it would be confusing for the jury.

      7.     <u>Impeachment by Civil Suit</u>

The United States anticipates that the defendant may attempt to introduce into evidence (and possibly refer to in voir dire or opening statement) the fact that I.F. filed a civil lawsuit against the defendant, Christopher "Chase" Wellington, C.V. Mayberry, Woodson Terrace Police Department, and the City of Woodson Terrace for the assault of which he was a victim on April 14, 2019.  All of the claims have been settled, including against the defendant, and I.F. is bound by a non-disclosure agreement.  It is settled law that a pending lawsuit may be admissible to demonstrate bias as the witness could have a motive for testifying a certain way. <u>United States v. Harris</u>, 185 F.3d 999, 1007-09 (9th Cir. 1999); <u>Villaroman v. United States</u>, 184 F.2d 261 (D. D.C. 1950).  The caselaw is not as clear when it comes to settled lawsuits as there is no financial gain to be had, and thereby no motive to testify a certain way, following the outcome of the criminal case.  Such evidence is subject to limitation or exclusion under Fed. R. Evid. 403 "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Because the lawsuit has been settled and its outcome protected by a non-disclosure agreement, its existence should be excluded from the trial of this case.

If not excluded by this Court, evidence about the civil lawsuit should be limited. Because civil proceedings involve different laws and legal standards, questions from defense counsel that seek information beyond the mere fact of the lawsuit and that there was financial benefit received from it would be unduly prejudicial to the United States and highly misleading to the jury. Thus, any additional inquiry concerning the civil lawsuit should be barred under Rule 403.

4

Counsel should also be prohibited from suggesting that the settlement of a lawsuit has any non-impeachment relevance to the jury's deliberations. Further, should the defendant ask about the lawsuit, the United States should be allowed to elicit that the lawsuit has been settled.

8. <u>Evidence of Defendant's Good Conduct</u>

The United States moves this Court to exclude from trial evidence of, or reference to, any specific instances of the defendant's good conduct, including but not limited to, evidence of any awards, commendations, or recognition he may have received during his career in law enforcement. Such evidence would constitute improper character evidence under Federal Rules of Evidence 404(a)(1) and 405(a) and therefore should be excluded.

Evidence of specific instances of good conduct by the defendant, or of awards, commendations, or other recognition he received, is inadmissible under Federal Rule of Evidence 404(a)(1), because the evidence does not relate to a character trait that is "pertinent," or relevant to, the criminal charges in this case. Even if the evidence related to a pertinent trait, evidence of the defendant's specific acts of good conduct would still be inadmissible under Rule 405(a), which governs the form of character evidence, and allows evidence only as to the reputation of the defendant or as to a witness's opinion of the defendant's pertinent character trait. The Rule prohibits the introduction of evidence relating to specific instances of conduct reflecting the character trait.

    A. <u>Evidence of Specific Instances of Good Conduct by the Defendant Constitutes Inadmissible Character Evidence</u>.

Rule 404(a) of the Federal Rules of Evidence generally prohibits the introduction of evidence of a person's character to prove that the person acted in conformity therewith on a particular occasion. The Rule's general prohibition against character evidence contains three

exceptions, one of which governs the admissibility of character evidence relating to the accused. See Fed.R.Evid. 404(a)(1). The exception concerning the character of the accused specifies that such evidence is admissible only if it relates to a "pertinent," or relevant, character trait. See Fed.R.Evid. 404(a)(1). In United States v. Neighbors, 23 F.3d 306, 310 (10th Cir. 1994), the Tenth Circuit held that the trial court properly excluded a defendant's good character evidence because evidence that the defendant was asked to serve on the board of a substance abuse center because of his strong advocacy against drug abuse was not material to whether the defendant, a pharmacist, had violated federal drug statutes by over-ordering several kinds of drugs on behalf of the pharmacy where he worked and converting them to his own use. See also United States v. Washington, 106 F.3d 983, 999-1000 (D.C. Cir. 1997) (holding that a police officer's commendations were not admissible because the defendant's "dedication, aggressiveness and assertiveness" in investigating drug dealing and carjacking was neither "pertinent" to, nor an "essential element" of, bribery, conspiracy, or drug and firearms charges with which he was charged); United States v. Nazzaro, 889 F.2d 1158, 1168 (1st Cir. 1990) (holding that the trial court properly excluded evidence of a police officer's prior commendations because "the traits which they purport to show—bravery, attention to duty, perhaps community spirit—were hardly 'pertinent' to the crimes [of perjury and conspiracy to commit mail fraud] of which [the defendant] stood accused").

In this case, character evidence offered to prove the general good character of the defendant—such as effectiveness, attention to duty, commitment to public service, kindness, professionalism, or dedication—is not admissible because it is not pertinent to the civil rights charge brought against the defendant. Although a defendant's character for law-abidingness is always "pertinent," United States v. Yarborough, 527 F.3d 1092, 1102 (10th Cir. 2008), evidence

of the defendant's successful performance of his duties as a law enforcement officer or evidence of specific acts of helpfulness to the community does not constitute evidence of his law-abiding character. Thus, evidence of the defendant's specific good acts, commendations, and awards is irrelevant and should be excluded as impermissible character evidence.

> B. <u>Any Admissible Character Evidence Must be Limited in Form to Testimony as to the Witness's Opinion of the Defendant or the Defendant's Reputation</u>

Even if evidence of the defendant's prior good acts were indicative of a pertinent character trait or of general law-abidingness, the form of that evidence would be governed by Federal Rule of Evidence 405(a), which limits such evidence to "testimony as to reputation or by testimony in the form of an opinion." Fed.R.Evid. 405(a). Proof of specific instances of conduct is not permitted under the Rule. See <u>United States v. John</u>, 309 F.3d 298, 303 (5th Cir. 2002); <u>United States v. Marrero</u>, 904 F.2d 251, 260 (5th Cir. 1990) (finding that trial court properly excluded defendant's proffer of specific instances of good character). See also <u>United States v. Ellisor</u>, 522 F.3d 1255, 1270-71 (11th Cir. 2008); <u>United States v. Benedetto</u>, 571 F.2d 1246, 1250 (2d Cir. 1978) (finding that trial court should not have permitted defense witness to establish defendant's good character by referring to specific good acts).

Thus, even if the defendant established a basis for the relevance of evidence of good character, the defendant would still be limited to proving such good character in the form of testimony as to the defendant's reputation or an opinion about the defendant's relevant character trait. For example, a witness could testify that he is familiar with the defendant's reputation and that the defendant has a reputation for being a law-abiding citizen. The defendant would not be permitted, however, to introduce evidence of, or refer to, any specific instances of good conduct engaged in by the defendant, or to introduce evidence of, or refer to, his good work performance

or achievements in general. Even in the limited circumstances in which character evidence concerning the defendant is admissible, circumstantial evidence that the defendant acted in conformity with a relevant character trait may not be proved by specific instances of good acts. Rule 405(b) permits specific instances of conduct to prove character only in cases in which the character trait at issue is "an essential element of a charge, claim, or defense." For example, in a defamation or libel case, damage to the reputation of the complainant is an essential element of the charge. See Schafer v. Time, Inc., 142 F.3d 1361, 1371-72 (11th Cir. 1998). In this case, the defendant's character is not an essential element of any charge or defense.

If the defendant's witnesses are permitted to offer character evidence in the form of reputation and opinion testimony regarding the good character of the defendant, the United States is permitted under Rule 405(a) to inquire of the witnesses on cross-examination about their knowledge of specific acts of misconduct by the defendant. See United States v. McHorse, 179 F.2d 889, 901-02 (10th Cir. 1999).

      9.      Jury Nullification

The United States similarly requests that the Court preclude any attempts by the defense to encourage jury nullification. Although a jury has the power to engage in jury nullification, "this power of the jury is not a right of the defendants," and "it is not to be positively sanctioned by instructions [or arguments] . . . which would encourage a jury to acquit . . . regardless of the applicable law or proven facts." United States v. Sloan, 704 F. Supp. 880, 884 (N.D. Ind. 1989) (granting the United States's motion *in limine* regarding jury nullification arguments) (citation and internal quotation marks omitted). Thus, just as courts should not instruct the jury that they may acquit a defendant even if he or she is guilty, United States v. Drefke, 707 F.2d 978, 982 (8th Cir.

1983); United States v. Avery, 717 F.2d 1020, 1027 (6th Cir. 1983), courts may prohibit the defense from arguing that the jury may engage in nullification. United States v. Brown, 548 F.2d 204, 210 (7th Cir. 1977); see also United States v. Sepulveda, 15 F.3d 1161, 1190 (1st Cir. 1993) ("[A] trial judge . . . may block defense attorneys' attempts to serenade a jury with the siren song of nullification."). This Court should do likewise and preclude the defendant from eliciting testimony or presenting arguments that encourage jury nullification.

    10.    References to Penalties Faced by the Defendant

The United States moves this Court to exclude any evidence or argument related to the potential penalties faced by the defendant if convicted.

The Eighth Circuit has unequivocally held that "[t]he penalty to be imposed upon a convicted defendant is generally not a matter for the jury." United States v. Briscoe, 574 F.2d 406, 408 (8th Cir.), cert. denied 439 U.S. 858 (1978). The role of the jury is to decide guilt or innocence, not to determine punishment. See Shannon v. United States, 512 U.S. 573, 579 (1994) ("It is well established that when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'") (quoting United States v. Rogers, 422 U.S. 35, 40 (1975)); United States v. Goodface, 835 F.2d 1233, 1237 (8th Cir. 1987) ("the jury's duty is to determine the guilt or innocence of the accused solely based on the evidence adduced at trial"). Thus, "sentencing procedures or details regarding a defendant's possible punishment are irrelevant to the issues that a federal jury must decide. To inform a federal jury about a defendant's punishment would only introduce improper and confusing considerations before it." United States v. Thomas, 895 F.2d 1198, 1200 (8th Cir. 1990). Mention of the potential penalties faced by the defendant would serve only the improper purpose of jury nullification. See, e.g., United States v. Reagan, 694 F.2d 1075, 1080 (7th Cir.

9

1982) ("'The authorities are unequivocal in holding that presenting information to the jury about possible sentencing is prejudicial.'") (quoting United States v. Greer, 620 F.2d 1383, 1384 (10th Cir. 1980)); United States v. Patterson, 1996 WL 54237, at *1 (N.D. Ill. Feb. 8, 1996) (prohibiting discussion of potential penalties in order to avoid possible jury nullification). Proscribed mention of penalties should include not only specific references to years in jail, but also more veiled themes in potential defense arguments, such as arguments to the effect that the defendant is "on trial for his life," that the defendant's "freedom" hangs on the outcome of the jury's decision, and that the defendant should not be separated from his family. Each of these arguments invites the jury to consider the penal consequences of a conviction on a defendant and, therefore, is wholly improper.

Accordingly, the defendant should be precluded from in any way mentioning potential penalties.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court grant its First Motions in Limine.

Respectfully submitted,

SAYLER A. FLEMING
UNITED STATES ATTORNEY

*/s/ Christine H. Krug*
CHRISTINE H. KRUG #42586MO
Assistant United States Attorney        ]'
111 S. 10th Street, 20th Floor
St. Louis, MO  63102
Christine.Krug@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 5, 2022, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Neil Bruntrager, Attorney for Defendant.

                                            */s/ Christine H. Krug*
                                            CHRISTINE H. KRUG #42586MO