IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) CASE NO. 4:20CR000167 HEA |
| v. | ) |
| DAVID MAAS, | ) |
| Defendant. | ) |

GOVERNMENT'S TRIAL BRIEF

COMES NOW the United States of America, by Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Christine Krug and Hal Goldsmith, Assistant United States Attorneys for said District, and submits the following trial brief in connection with the trial of the above-styled matter.

INTRODUCTION & BACKGROUND

This brief is intended as a general guide for the Court. It is not intended as a comprehensive statement of the Government's case, nor is it intended to be in the nature of a bill of particulars that would fix, bind, or in any way limit the Government to a set theory of proof.

SUMMARY OF PROCEEDINGS TO DATE

On March 5, 2020, David Maas ("Maas") was charged by Indictment with one count of Deprivation of Rights Under Color of Law in violation of Title 18, United States Code, Section 242. The defendant was arraigned on the Indictment on March 18, 2020. The defendant has filed

1

no pre-trial motions attacking the charge or seeking to suppress any evidence. The defendant did file a Motion to Dismiss Due to Selective Prosecution. The Motion was briefed, argued, and ultimately denied on December 15, 2020 in the Report and Recommendations of the Magistrate Court and adopted by this Court on February 1, 2021. The case is scheduled for trial on Monday, October 17, 2022.

## FACTUAL BACKGROUND

To aid the Court in understanding this matter, in the paragraphs that follow, the Government attempts to summarize some, but not all, of the evidence it expects to present at trial.

Defendant Maas is charged with depriving victim I.F. of his right to be free from unreasonable seizure by a law enforcement officer in connection with the defendant's encounter with I.F. in Wellston, Missouri on April 14, 2019. At the time of the incident, Maas was a Police Officer with the Woodson Terrace Police Department ("WTPD").

On April 14, 2019, at approximately 8:50 pm, law enforcement attempted to pull over a vehicle that had been stolen in a robbery in Bridgeton, Missouri about ten minutes prior to the stop. The driver was victim I.F.; the passenger was charged with and convicted of the robbery of the vehicle. Instead of stopping, I.F. led law enforcement from multiple agencies on a high-speed chase eastbound on St. Charles Rock Road past where it becomes Dr. Martin Luther King Drive, and turned onto Oak Grove Avenue, a dead-end street. At the end of the road, the passenger jumped out of the car and ran away from the police presence. He was later apprehended by law enforcement. Victim I.F. turned the car and headed back towards Dr. Martin Luther King Drive. As he was turning onto Dr. Martin Luther King Drive, he struck a St. Ann police car as it was turning onto Oak Grove Avenue.

A Pagedale officer approached the passenger side of the vehicle with his weapon drawn and ordered the driver, victim I.F., to get out of the car with his hands up. Victim I.F. complied and got out of the car with his hands raised in the air. The defendant who was in full police uniform, ran towards victim I.F. as he was beginning to lower himself to the ground still with his hands in the air. Victim I.F. was on his back on the ground when the defendant kicked at the right side of victim I.F.'s upper torso. The defendant then stepped over victim I.F., balanced on his left leg and stomped victim I.F.'s head with his right foot.

As he observed what happened, the Pagedale officer ran around the car and pushed the defendant off the victim. Two Pagedale officers then handcuffed victim I.F. as he continued to comply. The stomping of Victim I.F. by the defendant was captured on video by Velda City Police Department dash cam. The victim had a knot on his forehead as a result of the stomp by the defendant. Victim I.F. was charged with Assault Second Degree on a Special Victim for hitting the St. Ann Police car. He accepted responsibility by pleading guilty and was sentenced to seven years in the Missouri Department of Corrections.

## LEGAL MATTERS

In the following sections, the Government summarizes certain legal matters that may arise prior to or during the trial of this case. The Government addresses these matters now, in order to assist the Court and to identify possible issues to defense counsel prior to trial so that counsel may respond and the Court may rule. The Government does not, however, attempt to address every legal matter that may arise.

I. ELEMENTS OF THE OFFENSE

The defendant is charged with violating 18 U.S.C. § 242, which subjects to criminal punishment anyone who, "under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States . . . ." 18 U.S.C. § 242. To prove a violation of section 242, the Government must establish that the defendant (1) willfully and (2) under color of law (3) subjected another person to the deprivation of any right secured or protected by the Constitution or federal law and (4) bodily injury resulted and the defendant's conduct included the use or threatened use of a dangerous weapon, shod feet. Id.; United States v. Lanier, 520 U.S. 259, 264 (1997); United States v. Fleming, 526 F.2d 191, 192 (8th Cir. 1975).

*A. Willfulness*

A "willful" act is one committed either "in open defiance or in reckless disregard of a constitutional requirement which has been made specific and definite." Screws v. United States, 325 U.S. 91, 105 (1945); see also U.S. v. Reese, 2 F.3d 870, 881 (9th Cir. 1993) (intentionally wrongful conduct that "contravenes a right definitely established in law, evidences a reckless disregard for that right, [which], in turn, is the legal equivalent of willfulness."); see also United States v. Johnstone, 107 F.3d 200, 208 (3d Cir 1997) ("[W]illfulness includes reckless disregard."). Although the Government must establish that the defendant acted with the specific intent to deprive a person of a federal right, it need not prove that the defendant was thinking in constitutional terms. Screws, 325 U.S. at 106 ("The fact that the defendants may not have been thinking in constitutional terms is not material where their aim was not to enforce local law but to deprive a citizen of a right and that right was protected by the Constitution."). Rather, the

4

willfulness element of 18 U.S.C. § 242 simply requires that the defendant know that his actions are wrong and against the law but that he chose to act anyway.

*B. Color of Law*

Under § 242, a defendant acts under color of law when he is an official or employee of a federal, state, or local government and uses or abuses the power he possesses by virtue of law—even if his actions violate state law or exceed his lawful authority. West v. Atkins, 487 U.S. 42, 49 (1988); Griffin v. Maryland, 378 U.S. 130, 135 (1964); Williams v. United States, 341 U.S. 97, 99-100 (1951); United States v. Classic, 313 U.S. 299, 326 (1941). Put another way, an officer acts under color of law when he acts "under pretense of law." Screws, 325 U.S. at 111.

*C. Deprivation of a Protected Right*

The Fourth Amendment of the United States Constitution's protection against unreasonable search and seizures requires that officers refrain from using excessive force, that is more force than is reasonably necessary, when effectuating an arrest. United States v. Brugman, 364 F.3d 613, 616 (5th Cir. 2004).  The proper application of the test of reasonableness demands careful attention to the facts and circumstances of each individual case. Consideration of the severity of the crime, whether the suspect is an immediate threat to anyone, and whether the suspect is actively resisting arrest or fleeing from the arrest should determine if the use of force is unreasonable. Graham v. Connor, 490 U.S. 386, 396 (1989).

*D. Bodily Injury and Dangerous Weapon*

While 18 U.S.C. § 242 does not define "bodily injury," the term is defined identically in four other provisions of Title 18[1]. In each of them, "bodily injury" is defined as "(A) a cut, abrasion, bruise, burn, or disfigurement; (B) physical pain; (C) illness; (D) impairment of [a/the]

---

[1] 18 U.S.C. § 831(f)(5) § 1365(g)(4), § 1515(a)(5), § 1864(d)(2).

function of a bodily member, organ, or mental faculty; or (E) any other injury to the body, no matter how temporary." Several other circuits have recognized this definition. United States v. Wilson, 344 Fed.Appx. 134, 142 (6th Cir. 2009), citing United States v. Perkins, 470 F.3d 150, 161 (4th Cir.2006). See also, United States v. Gonzales, 436 F.3d 560, 575 (5th Cir.2006); United States v. Bailey, 405 F.3d 102, 111 (1st Cir.2005); United States v. Myers, 972 F.2d 1566, 1572 (11th Cir.1992).

A "dangerous weapon" is defined as an object capable of inflicting bodily injury. United States v. LeCompte, 108 F.2d 948, 952-53 (8th Cir.1997). Numerous cases in the Eighth Circuit have upheld convictions for shod feet as the dangerous weapon involved. United States v. Farlee, 757 F.3d 810, 815 (8th Cir.2014)See, United States v. Steele, 550 F.3d 693, 699 (8th Cir.2008); United States v. Black Lance, 454 F.3d 922, 923 (8th Cir.2006) and United States v. Schmidt, 403 F.3d 1009, 1012 (8th Cir.2005). Other courts have held that kicking victims with shod feet, specifically feet shod in tennis shoes amounts to the use of a dangerous weapon in some circumstances. See Arthur v. United States, 602 A.2d 174, 177-78 (D.C.App.1992) and Louisiana v. Taylor, 485 So.2d 117, 118 (La.App.1986).

    Respectfully submitted,

    SAYLER A. FLEMING
    UNITED STATES ATTORNEY

    */s/ Christine H. Krug*
    CHRISTINE H. KRUG #42586MO
    Assistant United States Attorney
    111 S. 10th Street, 20th Floor
    St. Louis, MO  63102
    Christine.Krug@usdoj.gov

## **CERTIFICATE OF SERVICE**

     I hereby certify that on October 14, 2022, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Neil Bruntrager, Attorney for Defendant.

                                      */s/ Christine H. Krug*
                                      CHRISTINE H. KRUG #42586MO