UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 4:20 CR 00167 HEA |
| v. | ) | |
| | ) | |
| DAVID MAAS, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

COMES NOW the United States of America, by and through Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Christine Krug, Assistant United States Attorney for said District, and files its Sentencing Memorandum.

On November 2, 2023, the defendant pleaded guilty to one count of Deprivation of Rights Under Color of Law.  The Presentence Investigation Report (PSR) calculated a total offense level of 24 and a criminal history category of I, resulting in an advisory guideline range of imprisonment of 51-63 months. Pursuant to the Plea Agreement, the parties recommended a total offense level of 12, resulting in a guideline range of imprisonment of 10-16 months. Further, the Government agreed to recommend that any potential term of imprisonment imposed by the Court be served in home detention due to the defendant's medical condition.

I.    The Section 3553(a) Factors Dictate Imposition of a Term of Imprisonment

Title 18, United States Code, Section 3553(a) lists the following relevant factors to be considered by the Court in sentencing:

1) the nature and circumstances of the offense and the history and characteristics of the defendant;
2) the need for the sentence imposed --
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to

1

provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3) the kinds of sentences available;
4) the kinds of sentences and the sentencing range established for--
(A) the applicable category of offenses committed by the applicable category of defendant as set forth in the guidelines...
5) any pertinent policy statement ---
(A) issued by the Sentencing Commission...
6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct...

II.   <u>The Nature and Circumstances of the Offense and History and Characteristics of the Defendant</u>

a.   <u>The Nature and Circumstances of the Offense</u>

As established at the defendant's guilty plea, on April 14, 2019, the defendant kicked I.F. in the head in Wellston, Missouri. The defendant was an on duty police officer with the Woodson Terrace Police Department (WTPD), engaged in pursuit of a car taken in a robbery and driven by I.F. After the stolen vehicle collided with a St. Ann police car while trying to turn onto Dr. Martin Luther King Drive, a Pagedale police officer ran up to the passenger side of the car and ordered I.F. out of the car. The Pagedale officer had his weapon drawn over the top of the car and ordered I.F. to get out with his hands in the air and lower himself to the ground. As I.F. was on the ground, the defendant stepped over I.F. and kicked him in the head, causing swelling and pain.

b.   <u>The History and Characteristics of the Defendant</u>

The defendant has no criminal convictions; however, his actions in this case are quite illustrative. Having served as a police officer for over 20 years, including over 10 years as a sergeant, the defendant was aware of, and charged with enforcing, the law.

c.   <u>The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment for the Offense</u>

2

Defendant was a police officer at the time that he assaulted I.F. after engaging in a vehicle pursuit. The defendant kicked I.F. in the head while I.F. was on the ground in compliance with the orders of other officers at the scene. Law enforcement officers are charged with using appropriate force as they carry out their duties.  Most police officers take this responsibility seriously, both on and off-duty. The defendant did not. The justice system must impose a sentence that demonstrates to the community that this conduct by its police officers is unacceptable.

        d.   <u>To Afford Adequate Deterrence to Criminal Conduct</u>

Defendant's sentence must create adequate deterrence to criminal conduct by other police officers.  Scholars have differed on the effectiveness of lengthy sentences to deter other actors because deterrence depends on the assumption that other officers are aware of the consequences. Cases such as this routinely garner media attention, so awareness of the outcome of this case is more likely. Law enforcement officers will be deterred because they are sensitive to the prosecution of officers for civil rights violations—they do not want to be in that position.   A guidelines sentence will serve as a deterrent for other police officers. An appropriate sentence in this case should illustrate for other responding officers how they should or should not respond to similar situations. For any officer who might consider the defendant's actions to be acceptable, an appropriate sentence will clearly demonstrate that they are not just unacceptable, but criminal.

    III.   <u>Conclusion</u>

The defendant's conduct in this case was inexcusable and demands an appropriate sentence that takes into account his behavior and his current medical status.  For the foregoing reasons, the Government respectfully requests the Court sentence defendant to the guideline sentence of 16-months with any term of imprisonment served in home detention. It is sufficient and not greater

than necessary to comply with Title 18 United States Code Section 3553(a), will hold the defendant

accountable, and will hopefully restore some sense of justice in the community.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

*/s/ Christine H. Krug*
CHRISTINE H. KRUG, #42586MO
Assistant United States Attorney
111 South Tenth Street, 20th Floor
Saint Louis, Missouri  63102
Christine.Krug@usdoj.gov
Telephone: (314) 539-2200
Facsimile: (314) 539-3887

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2024, the foregoing was filed electronically with the
Clerk of the Court to be served by operation of the Court's electronic filing system upon all
attorneys of record.

*/s/ Christine H. Krug*
Christine H. Krug, #42586MO
Assistant United States Attorney